20004—Glidden Co. v. Kuth Cleveland Properties Co.; motion for Cuyahoga Appeals to certify. Squire, Sanders & Dempsey, Cleveland, for pltf; Ulmer & Berne, Cleveland, for deft.

20005—State of Ohio on relation of Charles Crabbe, Attorntey General v. Thistle Down Co. and Thistle Down Club Inc.; in quo warranto. C. C. Crabbe and W. E. Benoy, Columbus, for pltf; Tolles, Hogsett, Ginn & Morley, Cleveland, for deft.

20006—Sylvia Payne v. Henry Reynolds, E. M. Boggs, Henry Miller, E. L. Taylor, G. B. Flint, Missourie Davidson, Casey Jones and Flora Jones; motion for Lawrence Appeals to certify. Corn & Jenkins and Irish & Rully and Andrews & Edwards, Ironton, for pltf; Johnson & Jones, Ironton, for defts.

## JULY 26, 1926

20007—Pennsylvania Railroad Co. v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. Henderson & Burr and S. B. Randall, Columbus, for pltf; C. C. Crabbe and J. W. Bricker, Columbus, for deft.

20008—Pennsylvania Railroad Co. v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio; Henderson & Burr and S B. Randall, Columbus, for pltf; C. C. Crabbe and J. W. Bricker, Columbus, for deft.

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

4. **ABORTION.** See 480. Evidence.

27. **ACTIONS.** See 923. Pleading; 1255. Warranty.

147. **BILLS & NOTES.** See 287. Consideration.

167. **BONDS.**
Where a road contractor has given a maintenance bond to a Municipal Corporation (797) wherein it is provided that the village may "use this undertaking for the purpose of reimbursing itself for any reasonable expense incurred - - -", must an actual expenditure be made by the village before it may be "reimbursed" by virtue of the bond? Rice et v. Vil. (Holloway). OS. Pend. 4 Abs. 506.

225. **CHARGE TO JURY.**
The court must charge as to all the issues in a pleading (923) separately, and it is error not to do so. Hutchinson v. Jones. OA. 4 Abs. 500.
If, in a trial for first degree murder, the court's charge might be interpreted to presume a fact which should be determined by the jury has prejudicial error been committed? Ross v. State. OS. Pend. 4 Abs. 509.
See also 1283. Workmen's Compensation.

227. **CHARITABLE INSTITUTIONS.**
If a Y. M. C. A. leases and operates a hotel, is it exempt from complying with the laws concerning innkeepers by reason of its charitable nature, and therefore not liable for negligence (829) caused by violation of such laws, or may the Y. W. C. A. be held liable for its negligence as are any other inn-keepers? McGuire v. Talbott. OS. Pend. 4 Abs. 507.

287. **CONSIDERATION.**
Although a promissory note (147) imputes consideration, if evidence of illegality is introduced, the prima facie case is overcome and the burden is upon the plaintiff to show valid consideration by a preponderance of the evidence (480). King & Co. v. Horton. OA. 4 Abs. 498.

297. **CONTRACTS.**
Where land contract does not specifically provide for interest, it will attach only to past due, unpaid installments. Crosby v. Glick. OA. 4 Abs. 502.

See also 997. Real Estate.

301. **CONTRIBUTORY NEGLIGENCE.** See 480. Evidence.

323. **COUNTY COMMISSIONERS.**
May purchase machinery, tools, and other equipment for use in constructing and maintaining roads under 7201 GC. (Also applies to township trustees.) County Expenditures, In Re. At. G. 4 Abs. 504.

327. **COURTS.**
The courts have wide discretionary power and may question a witness (1273) thereby bringing facts to light in order that substantial justice may be done. King & Co. v. Horton. OA. 4 Abs. 498.

480. **EVIDENCE.**
It is erroneous to introduce evidence of the commission of other crimes that have no connection with the case at bar; 104 OS. 298 distinguished. Wrae v. State. OA. 4 Abs. 499.

In a civil suit for damages resulting from the performance of an illegal abortion (4) by defendant, a doctor, may evidence of conviction for a similar operation on another be admitted Heddesheimer, Admr. v. Milliken. OS. Pend. 4 Abs. 507.

Where contributory negligence (301) is averred the burden of proof is upon the plaintiff to prove that he is not guilty of such negligence. Hutchinson v. Jones. OA. 4 Abs. 500.

See also 287. Consideration.

See also 997. Real Estate.

677. **JUDGMENTS.** See 923. Pleading.

683. **JURY.**
Cannot make disposition of testatrix's property irrespective of her intention and wishes. Kahler et v. Cowden. OA. 4 Abs. 501.

See also 1271. Wills; 923. Pleading.

707. **LEASES.**
Where an oil and gas lease provides for the payment of a certain sum for each gas well from which gas is marketed, does this provision include casing head gas taken from an oil well? Sylvania Producing Co. v. Yost and Gordon, Ptrns. OS. Pend. 4 Abs. 506. tion.

751. **MASTER AND SERVANT.**
1. Where employe assumes risk of employment, employer must nevertheless furnish the usual protective devices.
2. Whether or not the use of a certain tool comes within the risk assumed is a matter for jury to determine. Maslek v. Penn. R. R. Co. OA. 4 Abs. 502.

787. **MORTGAGES.** See 1283. Workmen's Compensation.

797. **MUNICIPAL CORPORATIONS.** See 167. Bonds; 829. Negligence.

829. **NEGLIGENCE.**
In an action against a municipal corporation (797) for damages for wrongful death (1289) where the facts show a violation of an alleged statutory requirement is the petition subject to a general demurrer? Napoleon (Vil.) v. Schilperoot. OS. Pend. 4 Abs. 508.

See also 227. Char. Inst.

872. **ORDINARY CARE.**
Failure of a pedestrian on city streets to exercise ordinary care to avoid accidents, precludes him from recovery in an action against the city for damages. Dayton (City) v. Cain. OA. 4 Abs. 504.